Good morning and welcome to the 11th Circuit Court of Appeals. We are proceeding today on Zoom because of the impending Hurricane Milton. But we're going to go ahead today with arguments in two cases. The first case we will be hearing is Parrott v. Neway and we will begin with Mr. Eagleton. Joe Eagleton Thank you, Your Honor. Good morning and may it please the Court, Joe Eagleton for the appellants. The number of procedural defects in a notice of appeal that deprive an appellate court of jurisdiction is vanishingly small. And under binding Supreme Court precedent, a ministerial signature defect in a notice of appeal of the kind present in this case is not one of them. But here the district court erroneously concluded that it lacked jurisdiction to hear the Parrott's bankruptcy appeal because their timely notice was signed in their own names rather than in the name of the lawyer who had represented them. Because that conclusion cannot be squared with the Supreme Court's holding in Becker v. Montgomery or with the traditional divide between jurisdictional and non-jurisdictional impediments to taking an appeal, the district court's order should be vacated and the case remanded for consideration of the Parrott's appeal on its merits. In our view, Becker really resolves this case. The question addressed by the Supreme Court there was whether the failure to properly sign an otherwise timely notice of appeal required the appeal to be dismissed. And Justice Ginsburg writing for a unanimous court categorically said no. The court distinguished there between the mandates of the appellate rules for notices of appeal, some things like specifying the name of the party taking the appeal, the judgment being appealed, which have sometimes been characterized under the case law as jurisdictional, and the signature requirement imposed by Rule 11 or here it's analog, Rule 9011 of the bankruptcy rules. And Justice Ginsburg opinion, I think, pretty clearly says a Rule 11 signature defect is not jurisdictional. That opinion also explained helpfully, I think, for our case, that even the procedural specifications of the appellate rules for notices of appeal, all things that were complied with here, that those rules are just, that those specifications are designed to facilitate, not to impede access to an appeal. And I think this conclusion really aligns with the Supreme Court's recent approach to and guidance about the divide between jurisdictional and non-jurisdictional impediments to appeal, which is exemplified in Justice Kagan's unanimous opinion from the Harrow v. Department of Defense case from last term. And the court has said that appellate procedural requirements are non-jurisdictional unless Congress has clearly stated otherwise. And so here in this case, we're talking about all the requirements we're talking about are things that arise from the rules process and not from Congress. Both the Rule 9011 signature requirement itself, and even the appeal deadline bankruptcy cases, these are not jurisdictional impediments to taking an appeal. And so, you know, applying Becker and Harrow and the other recent, you know, Supreme Court guidance here, we have a timely filed and valid notice of appeal that did not deprive the district court of jurisdiction. The parrots initiated their appeal from the bankruptcy court to the district court within 14 days of the January 29th order dismissing their bankruptcy. And that notice was sufficient to invoke the district court's jurisdiction. The signature defect under Rule 9011 was not a jurisdictional impediment. It was simply a procedural defect in the notice. It could be fixed later, which it was when they, when their lawyer withdrew and they filed another notice of appeal. And so for that simple reason, our position is that the district court erred in dismissing the appeal for lack of jurisdiction. What about the district court's alternative basis for dismissal, which it said was as a sanction for failure to comply with the court's rules and to respond to the order to show clause? Yes, sure. Sure, sure. So I think, yes, so the district court did make that alternative finding. I think it was pretty clear that, you know, the district court's principle finding was that it lacked jurisdiction. But yes, there was an alternative finding. That was not relief. I guess I would just say, first of all, that the trustee saw it, that was sort of a sua sponte decision by the district court. But I think the cases that we cited in the supplemental briefing are pretty clear that in order for dismissal of the appeal to be a sanction, there has to be a finding of intentional misconduct and a finding that, you know, there's no lesser sanction that would not prejudice the trustee. And we don't have any of those findings here. And so our position is it is simply too harsh a sanction for this kind of a violation. They actually, the parrots actually did respond to the court's order. It wasn't even as serious as, you know, a failure to respond. It was simply, you know, the court asked for help, I guess, on the jurisdictional issue and did not find the parrots response to be helpful to them. Artists Supreme Court as opposed to the district, but again, they were, they were per se. So perhaps some of that is a little bit understandable. Yes, Your Honor, I think, yes, I think the response, I don't think that we would dispute the response didn't ultimately help the district court resolve the question. But again, it's simply dismissal of the appeal under the case law, you know, for based on the facts here, you know, cannot really be supported on that background. And again, it seemed pretty clear from the district court's sua sponte raising this issue of jurisdiction anyway, that that was the principal basis for the dismissal itself. And as I've explained, you know, we think pretty clearly under the case law, the court had jurisdiction. I guess to just briefly address the sort of about Becker and the Supreme Court law applied. We did raise a sort of secondary basis for for why the district court also was wrong to conclude that it lacked jurisdiction. And that was that the bankruptcy courts dismissal here explicitly said that it did not take effect until the 15th day after it was entered. That's when the docket in this case actually reflects the dismissal. And, you know, that's an interesting question, because it does say three times, it doesn't take effect for another 14 days. But I guess the 15th day, but it does deal with with the chapter 13 bankruptcy. In other words, it says the chapter 13 bankruptcy is dismissed, you can convert it to some other chapter bankruptcy, bankruptcy, but the 13 is dismissed. And so I wonder if that, in and of itself could be considered a final decision on the merits of the chapter 13. Yes, I mean, I suppose that's an interesting question. I mean, I'm not sure that you know, the case number would be changed if it was converted or anything like that. And so I mean, we sort of think that it's analogous to a situation where you know, a complaint has been dismissed and there's leave to amend there's still the order on its face leaves open the possibility of the bankruptcy court here conducting further work in the case what whether it's under a different chapter. Oh, but doesn't that matter, though, in bankruptcy proceedings, I agree with you that if this were in, you know, district court, as a district court matter, it might not matter, right? I mean, because they are, we're looking for, you know, final decisions in case. But here, the idea of finality is a little bit different in bankruptcy, right? And so I wonder whether, since it ended all of the proceedings on the chapter 13 matters, whether that would be considered a final decision under the more flexible bankruptcy standard. I'm not sure there's a clear answer to that, frankly, Your Honor, in the you know, in the cases, I think these orders are somewhat routine in bankruptcy. And so I guess just as a practical matter, I think it's, it's a little bit confusing in the sense that we have an order that says it's not effective until the 15th day, we have a docket that on that 15th day is the day when it says the bankruptcy has been dismissed. And so, so yes, I guess I appreciate this, some of the nuanced distinctions that might apply. But I guess our position would be that in substance, there's still further work potentially to be done in the bankruptcy court, even if it's under a different, you know, a different petition or whatever that might be. And so, I mean, certainly in a, if a new complaint is filed in a district court case, that's a new sort of opening document to the case too. So I just, our position is just that there's really no substantive distinction under cases like Sherman that should apply. But again, this is a sort of secondary argument. I think it's maybe an interesting one, but I don't think it's something the court even needs to reach here based on the argument I made earlier about the holding of the Becker case and the U.S. Supreme Court's cases under those, those cases and that precedent, it's, it's pretty clear the district court had jurisdiction here. I see my time is getting low. So unless the court has further questions, I will stop talking. All right. Thank you, Mr. Eagleton. You have reserved five minutes and we will hear from Ms. Scott. Good morning. May it please the court, Angela Scott, attorney for the appellee, Douglas Neway, standing chapter 13 trustee. Today, I'll explain why this court should affirm the district court's order dismissing the appeal for lack of jurisdiction. And this court should find the appeal should be dismissed as moot. There are three arguments that support our position, which I'll explain in detail. The first, the debtor- Can you just, I have a factual question here because it appears that the attorney or their former attorney indicated plans to withdraw from the case and that the parent, parents perhaps felt compelled to at least preserve their right to appeal, which is why they filed the notice and signed it themselves. And then the district court took some time to grant the actual motion to withdraw, which then allowed them to file the new notice of appeal properly signing in their name. So what weight should we put to the fact that the parents arguably were in some kind of limbo when it came to their representation while at the same time needing to preserve their ability to appeal? Yes. The debtors had the opportunity with six days after that notice was stricken to file a response to the notice withdrawal and bring to the court's attention that there was an issue with their attorney not filing the notice of appeal as they had instructed or the notice of appeal was stricken because the attorney's signature was missing under Rule 9-11 requires for that signature to be included. Additionally, the bankruptcy rules, I'm sorry. But under Becker, I mean, it seems like under Becker, it's not a jurisdictional defect. And then they later promptly filed a corrected notice of appeal. So what difference does that make? Oh, yes. I was just about to say, you read my mind, that there's no safe harbor provisions in bankruptcy, the Federal Rules of the Order. The bankruptcy rules were never similarly amended to extend that deadline beyond that 14 days, like Rule 9-11 of the bankruptcy procedures and the civil procedure rules, Rule 11. So Becker, they would have the time, they could probably fix it, but it would have to be within those 14 days or file something with the bankruptcy court to indicate there is an issue. That's not what that's not what Becker seems to suggest. I mean, in Becker, it said, the court said that, you know, the initial omission of the signature is not a jurisdictional impediment in pursuit of the appeal. And, and that's so even when the appellant makes the curative filing after the appeal period expires, just as long as the appellant doesn't in a prompt manner. So, so I'm wondering why this is a problem, even if it's outside of the appellate period, given that the filing was was so prompt after, after the period expired, assuming the period expired, then because there's a question about that as well, isn't there? Yes, the Federal Rules of Bankruptcy Procedure do state the 14 days, which our orders do say effective date of 15th day, but the Federal Rules of Bankruptcy Procedure 8002 are controlling that deadline and that deadline is jurisdictional. So the any amendments would have to be done. I'm sorry, but I just want to make sure I understand your entire argument necessarily depends on our concluding that the deadline in the rule is jurisdictional, right? Because if it's not jurisdictional, then, then you would lose, right? The rule we believe is jurisdictional because Congress specifically stated, I'm sorry, can I ask you just to answer my question? Do you? Oh, sorry, I didn't. Can rule is not jurisdictional, then, then your position loses? I believe that even if it is not jurisdictional, rule 8002 of the bankruptcy procedures do not state there is a safe harbor provision for it to be, for the deadline to be extended like rule three was in Becker. So we would believe that we, that Becker would not apply in the bankruptcy case. And even if it was determined that it did, the doctrine of equitable mootness would render this appeal as moot. No, let me ask you something about that. Because it's really interesting posture here, right? I mean, the parents attorney moves to withdraw. And, and before the court rules on that, the court issues in order to show cause and, and the and by the way, the parents go ahead and file their notice of appeal without his signature, because he's moved to withdraw, and he won't sign it, presumably. And then the, the, the district court doesn't rule on that until two weeks go by blowing that entire deadline, if the initial order dismissing is a final order, right. And so if we're talking about equity and things, doesn't it seem a little problematic that the that, that the parents here were in a position where they didn't have an attorney, the court hadn't ruled on their motion to withdraw. And more than 14 until 14 days went by after, you know, the appellate period went by after the order they were seeking to appeal was entered. I mean, it just seems kind of troubling. Yes, additionally, in the bankruptcy rules of federal federal procedure 8002, under circumstances, under certain circumstances, the court may allow an extension of the appeal showing a punished excusable neglect, which the court didn't specifically say that's what they were doing. But it seems like they were following that 8000 rule procedure and, and giving the debtors an opportunity to explain the excusable neglect in the case. But if there was any neglect, wouldn't have that been on the attorney's part who at the time that the notice, the initial notice was filed was technically still their attorney? Yes, that's correct. But I also believe the debtors could have filed something in the court to request a hearing in order to preserve the issue of the filing of the notice of appeal. Well, it seems like their initial filing was their attempt, especially given their pro se status to do just what you said, even if it wasn't as artfully constructed or, or done. And I guess that's my second question. We are talking about pro se litigants here, or individuals who eventually became pro se litigants. We know that generally there is some liberal construction given to their pleadings. Why is there not some kind of leniency given to them, especially given these unique circumstances with their attorney's effort to withdraw? Yes, I believe the district court was doing just that giving them some leniency once they became pro se in order to help them explain this, the situation would have concurred to why they were in that position. But let me stop you right there for a second, right? Because we are discussing this jurisdictional question, whether it is even a jurisdictional question, maybe it's not a jurisdictional question. You know, I'm not sure it is under Becker. But we, you know, it's not, there's not a case that is directly on point from our circuit on this. And so, you know, it's an awful lot to ask for a pro se litigant to be able to write a responsive answer to the order to show cause that would be actually helpful to the court on this, when we're all sitting here trying to figure out what the answer is, don't you think and if you do, it seems like maybe that's not a basis for finding that, you know, the alternative basis for sanctions here, which is that the that the parents failed to comply with the court's orders. Yes. We believe that even if it is determined that the court should have heard their case and there was a non-jurisdictional issue, the property at issue has now been foreclosed on and the doctrine of equimuteness require this court to dismiss this case because the effective judicial relief is no longer a viable option. And then in Ray Matos and Strickland, this court has repeatedly held that when the debtor had never filed a motion for stay relief and the proceedings and in state court occurred and a foreclosure sale has occurred as of last year and the property has now been purchased by a third party and a deed has been filed. I mean, I understand that the property, of course, is the central thing that the parents are concerned about, but I thought that there was something in the record showing even minimal that there were other forms of property that they're seeking. For the monetary damages? Well, in terms of just the bankruptcy proceedings and the property that's issued, are you saying that it's only the house that's at issue or are there other, again, even if they're minimal property? Yes, the under 11 U.S.C. 1322, even if they were to go back to bankruptcy, a court is not able to confirm a Chapter 13 plan beyond 60 months. So they would not be able to, for five years, to go back and restart this bankruptcy with their remaining unsecured debts. The home is now foreclosed on and the court would have to do all those state court proceedings. Under 1322, their final payment would have been November 19, 2023. So even if they were able to go back to bankruptcy, the rules would not allow them to continue within their bankruptcy due to the change in circumstances from the time that has passed since this appeal was filed. And since there was no stay pending appeal, the case wouldn't be able to move forward as the main issue. The house has been sold. Their arrears were no longer to be able to be fixed because the property was sold. And additionally, the case was originally dismissed because they were not able to make those payments to save their home, unfortunately. Why are those all findings and then conclusions that the district court should reach in the first or second instance? At the time the case was in the district court, the home had not been sold yet. There was no certificate of title had been filed and no third party had purchased the home at that time. The sale occurred in May of 2023 and the deed was recorded in September of 2023. So the deed was recorded. So this is the first instance that we could bring up the moot issue and the doctrine of equitable mootness because of the foreclosure and in 1322, not allowing the bankruptcy to confirm a chapter 13 case beyond the five years. Let's talk for a moment about whether the order is actually a final order because I do think it says three separate times in there that the dismissal will become effective on the 15th day and the district court itself goes ahead and enters the order on the 15th day. And so I'm wondering, you know, why doesn't that make it final on the 15th day? So it is cumbersome, the rule. It says that the order is final from the entry of the date of the order and not the effective day. The effective day, that 15th day, is a drop dead deadline is when nothing further can be done within the bank with that order of dismissal because the federal rules of bankruptcy procedure 8002 specifically state from the entry of the entry. If we're talking about that, the entry of the final order could be viewed as when it is entered by the court and the case is dismissed, right? I mean, it could be viewed as being entered on that date of dismissal. If it's not effective until that date, it could be and there's a separate entry for the dismissal saying that it's now become effective. Why couldn't it be is effective as of that date or as entered as of that date? Yes, so again, the bankruptcy rule specifically says the entry of the order and that order does a lot of things. It cancels all hearings except for hearings that were related to a motion to examine attorney fees of the debtors council. It extends the automatic stay for just those 14 days and it allows the debtors to convert the case, allows for the hearings to be heard on any state motions within those 14 days after the dismissal order. But it's within those 14 days as prescribed in the federal rules of bankruptcy procedure that state 14 days from the date of the order. So all those things that are prescribed in the order must happen within the 14 days and that 15th day described in the order is the drop dead date. Nothing can be done after that date. No, we'll change the outcome of the order. I'm sorry. That's all right. Thank you. And we'll hear again from Mr. Eagleton. Thank you, your honor. I mean, it seems to me that the argument we just heard about all the things that were going to take place during the 14 days before the dismissal was sort of affected helps prove the point about why it really wouldn't be final in the case over even under a sort of, flexible approach to finality in bankruptcy. The stay is still in effect during that period of time. The other things that- That's true, but the stay is also an effect when other bankruptcy orders become final, you can still have an automatic stay in effect. So I'm not sure that really takes care of it. Let me ask you though to address her mootness argument, if you would, please. Sure. So I think that under the court's opinion, your opinion, Judge Rosenbaum, from last year, In re Asset Enhancement and other decisions we've cited, like the In re Towsett case, really show that this court does not, in this context, address issues the district court hasn't considered. So I agree with sort of the suggestion Judge Abudu was making that this is really a question for the district court in the first instance to deal with. There were other- Although the property in the house was a major feature of the bankruptcy, there were other creditors, other debts that the parents were seeking to have reorganized under the bankruptcy code. And so I just think that the only issue the district court dealt with here was whether it had jurisdiction to consider the appeal. If the trustee has arguments that the parents won't be able to sufficiently get relief from the bankruptcy court, I think those are issues for another day and not for this court in this proceeding, which is only looking at the order the district court actually entered here. I mean, the only other thing I think that I would say here is that I do think, and the court touched on this, so probably not a lot more for me to say about it, but I do think the parents were put in sort of an impossible situation here when their lawyer moved to withdraw. They tried to do everything they could. They filed the notice of appeal timely within those 14 days to try to protect their right to appeal. If they had done nothing, it would be a much worse situation here for them because they wouldn't even have a notice of appeal on file within those 14 days. So they did their best. As soon as they were able, within a few days of the court granting the lawyer's motion to withdraw, they filed again another notice of appeal to try to protect their rights. So it's really a situation where we have some folks operating pro se, doing everything they could to preserve their right to take their appeal from the bankruptcy court's dismissal order. And so for all the reasons that we've argued in the briefs and here today, I just think that the court should allow the district court to consider that appeal in the first instance. Thank you. Thank you, Mr. Eagleton, and thank you, Ms. Scott.